## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SILCOTEK CORPORATION, | ) Civil Action |
| Plaintiff, | ) No. 3:17-cv-63 |
| v. | ) |
| ADVANCED MATERIALS COMPONENTS EXPRESS, L.L.C., | ) *Electronically Filed* |
| | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SilcoTek Corporation ("SilcoTek"), by and through its undersigned counsel, hereby avers and alleges the following in support of its Complaint against Defendant, Advanced Materials Components Express, L.L.C. ("AMCX"):

### THE PARTIES

1.   SilcoTek is a Pennsylvania corporation having a principal place of business at 225 Penntech Dr., Bellefonte, Pennsylvania 16823.  SilcoTek is a leader in the coating industry and manufactures coatings for and applies coatings to various materials and devices.  SilcoTek supplies customers in this District and around the world.

2.   Upon information and belief, AMCX is a Pennsylvania limited liability company having a principal place of business at 5497 East Pleasant Valley Boulevard, Tyrone, Pennsylvania 16686.

### JURISDICTION AND VENUE

3.   This is a civil action for patent infringement arising under the patent laws of the United States.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Upon information and belief, AMCX has transacted business in this Commonwealth on a substantial and continuous basis, and particularly in the Western District of Pennsylvania.

5. Upon information and belief, AMCX has shipped products directly or indirectly into or through this Commonwealth, including through the Western District of Pennsylvania.

6. Upon information and belief, AMCX has transacted business via the Internet with individuals in this Commonwealth, including those within the Western District of Pennsylvania.

7. Upon information and belief, AMCX has supplied products in this District.

8. AMCX conducts business in this District and has regular customers with principal places of business in this District.

9. In light of AMCX's supply of infringing products in this District, SilcoTek has suffered harm in this District.

10. SilcoTek employs at least six (6) individuals that reside in this District, including at least one (1) employee that works in this District.

11. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b) because AMCX is subject to personal jurisdiction in this District, and upon information and belief, AMCX advertises, offers to sell, and sells infringing products in this District, AMCX's website is accessible in this District, AMCX's catalog is distributed in this District and SilcoTek has sustained harm in this District.

## COUNT I
### (Patent Infringement in Violation of 35 U.S.C. § 271)

12. SilcoTek repeats and re-alleges the averments set forth in paragraphs 1 through 11 of this Complaint by reference as if fully set forth herein.

13. This is a claim for infringement of United States Patent No. 6,511,760 ("the '760 patent"), entitled "Method of Passivating a Gas Vessel or Component of a Gas Transfer System Using a Silicon Overlay Coating." A copy of the '760 patent is attached hereto as Exhibit A.

14. The '760 patent claims, *inter alia*, corrosion resistant gas storage vessels having passive interior surfaces and methods for passivating such interior surfaces of gas storage vessels. In particular, the '760 patent describes gas storage vessels having interior surfaces that are passivated with silicon layers.

15. On January 28, 2003, the '760 patent was duly and legally issued to Restek Corporation ("Restek") on an application filed by Restek on February 26, 1999.

16. On April 30, 2009, the '760 patent was assigned from Restek to SilcoTek. At all times subsequent to April 30, 2009, SilcoTek has been, and is today, the owner all right, title, and interest in and to the '760 patent.

17. On December 21, 2016, SilcoTek notified AMCX of its infringement in a letter sent to Mr. Dale Woika. As of the date of filing of this Complaint, no response has been received to that correspondence.

18. On information and belief, AMCX coats gas storage vessels by passivatation with silicon layers. AMCX sells and offers for sale gas storage vessels passivated with silicon layers.

19. Upon information and belief, AMCX uses the patented method to perform the coating process and infringes, at least, Claims 1 and 14 of the '760 patent.

20. AMCX, without authority, has directly infringed and continues to directly infringe the '760 patent under 35 U.S.C. § 271 by manufacturing, selling, and/or offering for sale corrosion resistant gas storage vessels. Such infringement will continue unless enjoined by the Court.

21. SilcoTek has been irreparably damaged and will continue to be irreparably damaged by reason of AMCX's infringement of the '760 patent unless this Court restrains the infringing acts of AMCX.

22. AMCX's activities and infringement of the '760 patent have been and are willful and deliberate, constituting willful infringement.

23. As a direct result of AMCX's infringing activities, SilcoTek has suffered damages in an amount to be determined at trial.

**WHEREFORE**, SilcoTek respectfully requests judgment be entered against AMCX as follows:

A. The '760 patent has been infringed by AMCX;

B. An award of damages adequate to compensate SilcoTek for the infringement, in the form of at least a reasonable royalty, and/or AMCX's profits resulting from the infringement together with prejudgment interest from the date the infringement began;

C. Any damages permitted in the Court's equitable discretion;

D. A finding that this case is exceptional under 35 U.S.C. § 285 and an award to SilcoTek of its attorneys' fees, costs, and expenses in this action;

E. An injunction permanently enjoining AMCX, its affiliates, officers, directors, employees, agents, licensees, subsidiaries, successors, and assigns, and any and all persons acting in privity or in concert with any of them who receive notice of the injunction, including distributors, sales representatives, and customers, from further acts of infringement of the '760 patent; and

F. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, SilcoTek hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted,

**THE WEBB LAW FIRM**

Dated: April 14, 2017

s/ *Cecilia R. Dickson*
Cecilia R. Dickson (PA ID No. 89348)
Christian D. Ehret (PA ID No. 311984)

One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815
412.471.4094 (fax)
cdickson@webblaw.com
cehret@webblaw.com

*Attorneys for Plaintiff*